# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **LINNE INDUSTRIES LLC** )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>**OUTDOOR WATER SOLUTIONS, INC.** )<br>)<br>*Defendant.* ) | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Linne Industries LLC ("Linne"), by and through its undersigned counsel, files this Complaint against Defendant Outdoor Water Solutions, Inc., and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action arising under the laws of the United States, specifically for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code, §§ 1 *et seq.*

## THE PARTIES

2. Plaintiff Linne is a Delaware limited liability company, having a service address at Delaware Entity Services LLC, 1013 Centre Road, Suite 403S, Wilmington, Delaware 19805.

3. Upon information and belief, defendant Outdoor Water Solutions, Inc. is an Arkansas corporation, having a principal place of business at 2300 South Old Missouri Road, Springdale, Arkansas 72764.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331-32 and 1338(a).

5. This Court has personal jurisdiction over the Defendant at least because Defendant has substantial, continuing, and on-going contacts with the State of Delaware and this judicial district. Defendant has and continues to sell the products at issue in this case into the State of Delaware and this judicial district.

6. Venue is proper in this judicial district pursuant to Title 28, U.S.C. §§ 1391(b)-(d) and § 1400(b) in that acts of patent infringement occurred in this judicial district.

## FACTS

7. Plaintiff Linne is an industry leader in the field of solar powered water aeration systems.

8. On March 28, 2014, Craig Burton and Sandra Burton ("the inventors") filed U.S. Patent Application No. 14/228,864 ("the '864 application"). On March 27, 2014, the inventors assigned their interest in the '864 application to Linne, and the assignment was recorded in the United States Patent and Trademark Office ("PTO") on March 28, 2014 at Reel 32552, beginning at frame 0456.

9. On March 22, 2016, U.S. Patent No. 9,290,398 ("the '398 patent") was issued by the PTO based on the '864 application. A copy of the '398 patent is attached hereto as Exhibit A and is incorporated by reference as if fully set forth herein.

10. The '398 patent is valid and enforceable. The term of the '398 patent will expire on or about October 11, 2034.

11. The '398 patent discloses and claims solar powered water aeration systems that feature one or more solar panels mounted at or near the top of a pole and an encasement mounted at or near the top of the pole. The encasement is adapted for holding an air pump or source of compressed air and has at least one air permeable wall. A conduit for pumped air is connected at

one end to the air pump or source of compressed air and at the opposite end to a diffuser that is immersed into water. The conduit is passed through a channel defined by the pole.

12. Plaintiff Linne is the assignee of all right, title, and interest in and to the '398 patent and possesses all rights of recovery under the '398 patent, including the right to sue for infringement, recourse for damages, and to seek injunctive relief.

13. Upon information and belief, for all times relevant to this Complaint, Defendant has been making, using, selling, or offering to sell products covered by one or more of the claims of the '398 patent and continue to do so to this day. By way of example, these products include, but are not limited to, the AerMaster DD Solar Aerator series ("Initially Accused Products"). A copy of an AerMaster DD Solar Aerator brochure is attached hereto as Exhibit B.

14. Various versions of the Initially Accused Products were discovered for sale on Amazon.com on June 3, 2016, with shipping available to addresses in this venue. See Exhibits C and D.

15. On information and belief, Defendant knew or should have known that the Initially Accused Products would be and are placed into the stream of U.S. commerce and actively offered for sale or sold to residents in the State of Delaware.

16. The Initially Accused Products entered into the stream of U.S. commerce by the Defendant and offered for sale or sold to residents in the State of Delaware do not have any substantial non-infringing uses.

## COUNT I
## INFRINGEMENT OF THE '398 PATENT

17. Plaintiff realleges and incorporates by reference paragraphs 1 through 17 of this Complaint as though fully set forth herein.

18. The claims of the '398 patent are presumed valid pursuant to 35 U.S.C. § 282.

19. Upon information and belief, Defendant has been and is currently infringing one or more claims of the '398 patent, either literally or under the doctrine of equivalents, by making, causing to be made, using, offering to sell, selling, or importing into the United States, without license or authority, at least the Initially Accused Products, which are covered by one or more of the claims of the '398 patent, including at least claims 1 and 10.  Upon information and belief, the Initially Accused Products include a water aeration system having a mounting pole with an inner channel substantially along its length, with the bottom end of the pole adapted for insertion into a ground or a footing; an encasement mounted at or near the top end of the mounting pole with at least one air permeable wall; an air pump within the encasement; a conduit for air pumped into the conduit by the air pump connected at one end to the air pump and at its opposite end adapted to connect to at least one diffuser, wherein the conduit has a portion of its length positioned within the channel of the mounting pole and a portion of its length immersible in the water in which the diffuser is immersed, and wherein no portion of the length of the conduit is above ground or out of water except for the portion(s) positioned within the channel of the mounting pole or inside the encasement; and a solar panel joined to the mounting pole at or near the top end of the mounting pole, wherein the solar panel generates power that may be converted to current for driving the air pump.

20. As a result of Defendant's infringement of the '398 patent, Plaintiff Linne has been damaged to an extent not yet determined.

21. Plaintiff Linne is entitled to monetary damages adequate to compensate it for infringement by Defendant of the '398 patent, together with interest and costs.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues appropriately triable by jury.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Linne Industries LLC prays for judgment in its favor and against defendant Outdoor Water Solutions, Inc. for the following:

(a) A judgment that Defendant has infringed the '398 patent;

(b) An award to Plaintiff Linne of damages that are adequate to fully compensate it for Defendant's infringement of the '398 patent, together with prejudgment interests and costs;

(c) An accounting and payment by Defendant to Plaintiff Linne of all profits realized by Defendant during the period beginning from the issuance of the '398 patent up to the expiration of the term of the '398 patent from the unlawful acts complained of herein pursuant to 35 U.S.C. §289;

(d) A permanent injunction enjoining Defendant and those in active concert or participation therewith from infringing the '398 patent;

(e) A finding that this case is exceptional and award Plaintiff Linne its costs, reasonable attorneys' fees, and expenses incurred in this action;

(f) An accounting for damages from the infringement of the '398 patent by Defendant (and those in privity with Defendant), including but not limited to those sales not presented at trial and an award by the Court for any such sales; and

(g) An award of such other and further relief, at law or in equity, as the Court may deem just and proper.

Dated: June 7, 2016          **PANITCH SCHWARZE BELISARIO & NADEL, LLP**

                   By:/s/   Patricia S. Rogowski
                     Patricia Smink Rogowski (Bar No. 2632)
                    Wells Fargo Tower
                    2200 Concord Pike, Suite 201
                    Wilmington, DE 19803
                    Telephone: (302) 394-6030
                    progowski@panitchlaw.com

*Attorney for Plaintiff Linne Industries LLC*